UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM ARNOLD,                          :
       Plaintiff,                       :
                                        :                    PRISONER
     v.                               :       CASE NO. 3:12-cv-1677 (VLB)
                                        :
PEREZ, et al.,                           :
       Defendants.                      :

## INITIAL REVIEW ORDER

The plaintiff, William Arnold, currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Correctional Officer Perez, Correctional Officer Allen, Correctional Counselor Supervisor Digennaro and Correctional Lieutenant Pain. All defendants are named in their individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56

1

(2007).  Conclusory allegations are not sufficient.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  But "'[a] document filed <u>pro</u> <u>se</u> is to be liberally construed and a <u>pro</u> <u>se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  <u>Boykin v. KeyCorp.</u>, 521 F.3d 202, 214 (2d Cir. 2008) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

All of the defendants are identified as mailroom personnel.  In December 2010, the plaintiff sent legal documents and lawyer contact information to his mother with instructions to add funds and forward the packet to the lawyer.  The plaintiff received a disciplinary report for labeling the envelope to his mother as legal mail.

Less than a month later, the plaintiff sent another envelope marked legal mail.  The plaintiff received a disciplinary report on the ground that the addressee had not been appointed by the governor.  The plaintiff states that he did not identify his mother or a retired detective as an attorney on the outside of the envelope and that the envelope should not have been opened outside of his presence.

Since October 2011, mailroom staff has refused the send out envelopes marked as legal mail.  Instead the envelopes have been returned to the unit counselor for what the plaintiff believes are frivolous reasons, such as a money slip not being signed by the counselor, the envelope not being stamped or the envelope not being eligible for free postage under the indigency policy.

The plaintiff contends that these problems did not arise until after correctional staff became aware of lawsuits he had filed.  He also notes that mail sent to him from the federal court and the public defender's office does not reach him for 20-30 days.

Beginning in October 2011, the plaintiff mailed letters to his mother, his fiancé and daughter.  None of the letters reached the addressee.  When the plaintiff complained, defendant Perez told him that the mailroom staff could not locate the letters.

The plaintiff's legal documents have been mixed up and destroyed or wet and wadded up during cell searches.  The plaintiff does not identify any defendant as being involved in the searches.  Correctional staff have withheld documents and a CD sent to him in response to discovery requests in another case.  A map of Fairfield send to the plaintiff to help him find a location to start a business after his release from custody was returned to the sender as an unauthorized map.

It is well settled that inmates have a First Amendment right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) *(modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  To state a claim for denial of access to the courts, plaintiff is required to demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury.  *See Lewis*, 518 U.S. at 353.

3

To establish an actual injury, plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002)).  For example, plaintiff would have suffered an actual injury if "a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate. *Lewis*, 581 U.S. at 351.  The plaintiff has failed to allege that he suffered from injury because of the delayed delivery of his mail.  Therefore, these claims are dismissed.

The plaintiff also asserts claims of interference with legal and personal mail for retaliation purposes.  Prison officials may not retaliate against inmates for exercising their constitutional rights.  To state a retaliation claim, the plaintiff must show that his actions were protected by the Constitution or federal law and that his protected conduct was a "substantial or motivating factor" in the alleged retaliatory conduct.  *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient.  *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 2003).  To support a claim of retaliation, the allegedly retaliatory

4

conduct must deter a similarly situated inmate of ordinary resolve from exercising his constitutional rights.  It is not necessary that the plaintiff himself be deterred.  *See Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004).   Any lesser conduct is *de minimis* and does not support a retaliation claim.  Prisoners are required to tolerate more serious conduct before stating a retaliation claim.

Case law in this Circuit does note a prisoner's right to the free flow of mail. *See, e.g., Davis v. Goord,* 320 F.3d 346, 351 (2d Cir.2003) (vacating and remanding the district court's granting of the motion to dismiss and stating that "a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment"). The Second Circuit has stated that "incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Id.* Pleading such a claim requires "specific allegations of invidious intent." *Id.*

Because the plaintiff's claims of mail interference are dismissed because his access to the courts have not been impaired or chilled, this claim of retaliation is similarly insufficiently pled.  Furthermore, the plaintiff asserts that he experienced less than a month delay in his mail.  Although several parcels of mail may have been delayed a few weeks, the plaintiff has not sufficiently alleged ongoing practice of censorship.  Therefore, the plaintiffs claim of retaliation by mail tampering does not rise to the level recognized by the Second Circuit.

**5**

## ORDER

In accordance with the foregoing analysis, the court enters the following order:

(1)      The court will not effect service on the defendants at this time.  The plaintiff is directed to file an amended complaint sufficiently alleging a constitutional violation within twenty one (21) days from the date of this order. Failure to file an amended complaint may result in the dismissal of all claims without further notice from the court.

SO ORDERED this 22 March 2013, at Hartford, Connecticut.


_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE